The first case is Future Link Systems, LLC v. Realtek Semiconductor Corporation, Document No. 23-1056. Mr. Murray, you have reserved three minutes of time for rebuttal. Is that correct? Yes, Your Honor. All right. We're ready when you are. Good morning, Your Honors, and may it please the Court, Michael Murray for Appellant, Realtek. Future Link brought these cases because it was paid a bounty to do so by MediaTek. MediaTek is the largest player in Realtek's space, self-proclaimed. It paid the bounty so that Future Link would target two of MediaTek's competitors, Realtek and Amlogic. When that scheme started unraveling, Future Link started backing away from these cases very quickly. When the District Court decided to dismiss the case on jurisdictional grounds, Future Link tried to beat the court to the punch. You're arguing you're the prevailing party? Yes, Your Honor. Okay. I have concerns with that, but why do you feel you're the prevailing party under current law? Yes, Your Honor. The standard is whether the defendant has rebuffed the plaintiff's attempt to change the legal relationship. Here, Realtek is the prevailing party. Is that it? There's no more to the test? There also needs to be a judicial imprimatur with respect to the court's decision. Here, Realtek is the prevailing party twice over. First, it became the prevailing party when the judge decided to dismiss the case on jurisdictional grounds and stayed the case. Second, it became the prevailing party again when the judge, as a sanction for Future Link, dismissed the case with prejudice, converted a dismissal without prejudice into one with prejudice. Under this court's case law, and this is both the B.E. Teck case and the Regnier case. But you didn't have anything to do with the dismissal, did you? With respect to the first dismissal, the jurisdictional one, yes, we filed motions to dismiss the judge accredited and planned to issue an opinion resolving the case against Future Link. So in that respect, yes, we did have something to do with that part of the dismissal. With respect to the second part, the dismissal. Your motions were related to personal jurisdiction, as I recall, and then you? Personal jurisdiction, service of process, yes. Service of process, right. Yes. Okay. But not on the merits of the underlying suit. That's correct, Your Honor. And that's similar to B.E. Teck, which was a mootness issue. And also the Regnier case, which was a standing issue, both involving jurisdictional type questions. And so both of those cases stand for the proposition that the dismissal need not be on the merits in order for the party to be prevailing. Are you familiar with the highway equipment versus FECO case? I don't believe I am, Your Honor. That is a case from 2006 where the court found that a change in status from a dismissal without prejudice to with prejudice changes the legal relationship between the parties. And that's where there was a voluntary dismissal of the case. It's a decision from this court. Yes, Your Honor. I think, as I understand Your Honor describing the case, I think that's consistent with the Regnier case, which was also a dismissal with prejudice. And when there's a dismissal with prejudice, there is a rebuffing of the plaintiff's attempt to change the legal relationship, Your Honor. In this case, I think the plaintiff may have voluntarily dismissed the case in highway equipment, which might make it closer to your facts in this case. Is that right? There certainly was a voluntary dismissal, although that voluntary dismissal occurred after the judge announced that he was going to dismiss the case on jurisdictional grounds. Yeah, but my point is that the highway case finds that the party was a prevailing party, the defendant was a prevailing party, outstanding the plaintiff having voluntarily dismissed the case. So I think it supports you. That's right. I'm sorry if I'm seeming like I'm disagreeing. I'm trying to agree with you. I'm trying hard to agree with you. So on that point, had there been no sanction imposed by the judge, the sanction of dismissal with prejudice, you wouldn't be arguing that you're a prevailing party because you filed the motion to dismiss and before the judge acted, they dismissed without prejudice, would you? Not before the judge acted, but here the judge did act. He... Well, yes, but that was the act that he took was a sanction as opposed to ruling on your to dismiss, right? Well, he did announce he was going to grant the motion. Right, but what I'm trying to tease apart, whether you would have been the prevailing party simply by filing motions and perhaps the judge saying, I think I'm going to act on this. And then the dismissal comes in without prejudice. Would you say you're at the prevailing party on those facts, setting aside the sanction altogether and the dismissal with prejudice? If I understand your honor's hypothetical, I think the answer is no, but I don't think that's what happened here. I understand, but I'm trying to get a sense of whether the essential part of your argument is that the judge imposed a sanction of dismissal with prejudice. I think you're telling me yes. No, only for the second part of the argument. So we think we're the prevailing party twice actually. Well, I thought maybe I misunderstood your answer. So if to go back, I don't want to take up a lot of time on this, but are you saying that when the judge said, well, I think I will dismiss this, but had not yet dismissed it and they moved to dismiss without prejudice, that's enough to render you a prevailing party, setting aside anything that happened later? Yes, you are. Okay. So it doesn't matter in your view that there was a sanction of dismissal with prejudice. Not with respect to that part of the argument. So we think there are two independent ways in which we're prevailing. Each of which would be independent. Okay. Well, that's, that's what I'm asking. Yes. What support do you have, any case law at all to support the idea of dismissal without prejudice could make you a prevailing party? That's the BE Technology case. There, Facebook argued that they wanted to be dismissed, they wanted dismissal with prejudice. The court instead decided to dismiss on mootness grounds, which was without prejudice. And this court affirmed the sanctions in that case, the cost in that case, saying that Facebook was in fact the prevailing party. So I think that's the best case on our side, without prejudice. And I think to go to Judge Bryson's question, the reason that that first incident, when he announced his decision, he was going to dismiss with an opinion to follow, and then state the case, makes us a prevailing party is because the test is supposed to be functional and not form over substance. I don't think we want to encourage litigants who get essentially an adverse ruling from the judge to then try to race the court to the courthouse with respect to when he's going to issue his opinion, especially when, in this case, he stated the proceedings in the case. And so they filed a notice of voluntary dismissal, not only after he'd said, I'm going to dismiss this on jurisdictional grounds, but he'd state proceedings. And so they filed their voluntary dismissal while that stay purportedly was in place. So at what point would you say that the relationships between the parties change? Your Honor, I think that we rebuffed the plaintiff's attempt to change the relationship at that first point with respect to the jurisdictional dismissal. And then again, when the case was dismissed with prejudice, as Judge Stoll was asking. You're arguing that on two separate occasions, you're in the prevailing party. I'm interested in understanding the change in the legal relationship of the parties, because it seems to me that there was a change, but it wasn't at your hand. It's not because of anything that you did. Your Honor, I respectfully disagree with that. The first change when we rebuffed the plaintiff's attempt to change the relationship, which is the standards. So the standard that the district applied. What do you mean rebuffed? You answered a motion? They're trying to prevail in the case, and we're trying to get the case dismissed. And so the standard under CRST is whether we've been able to resist their attempt to change the legal relationship. And I think that was one of the errors of the district court here. The district court thought that we needed to alter the legal relationship, when instead what we just need to do is resist their attempt to alter the legal relationship. There's a different standard for the defendant than the plaintiff in the prevailing party context. And that's what the stands for. Now, this issue goes to fees under Section 285 and costs, I take it? Yes, Your Honor. What costs would you have in this case under Section 1920, which tells us what costs are? You're the defendant in the case. You don't have a... I mean, the costs would seem to me to be fairly minimal, wouldn't they? In this instance, very early in the case, very little that would fit into any of the traditional cost categories. That may be true, Your Honor. I know we submitted an affidavit in the district court detailing the fees and the costs, but unfortunately, I do not remember all the details. Fees is no doubt a big deal. Costs, it would seem to me, is really the tiny end of the tail of the dog. I'm happy to check. I'll check. Well, that's all right. I'm just curious whether there was something that I wasn't aware of that would have indicated the costs would be significant. I don't think you'd be here if that was all that was entitled to. I think it's a little bit of a mystery. But I don't know that I have any particular knowledge of that issue. That may be true, although there is the larger principle in this case, which is the bounty agreement and the type of conduct that encourages it, and so that is important. On the bounty agreement, let me ask you this. Suppose that instead of the arrangement that was agreed to here, you had two competitors. One of them is sued, or threatened with suit, and agrees to a license. And the license, he says, are you going to sue my competitor as well, who makes exactly the same product, which infringes? And the licensor says, well, I may or I may not. Would it be improper, do you think, for the first licensee to say, well, if you don't sue him, then he's going to have a huge advantage over me because I'm offering a big fee for the license. And therefore, if you should agree to sue him, okay, I'll agree, I'll sue him. But if you don't, I want a $5 million rebate. Would that be improper? There's a lot in there, Your Honor. In general, the idea that one part, one competitor might raise the cost of a rival is a recognized antitrust theory, and it's one actually that U.S. Department of Justice about eight months ago filed in support of in the Northern District of California antitrust case that arose out of the bound. Well, what he's doing is he's saying that I want to be put in a better position if you don't sue them vis-a-vis you. I want to get a rebate. Would that be problematic in your view? Yes, I think that would raise their cost and lower in the hypothetical the first party's costs. And so that would create concerns under the antitrust laws with respect to raising a rival's cost or lowering your own cost because one is using the process to change the input cost. Here, that would be a license or a fee to change the nature of the competition in the industry. You're into your rebuttal time, but I'd like for you to very briefly address the discovery issue here. With respect to the sealing issues? Yes. So most of those have become practically irrelevant given the unsealing that's happened in the Northern District of California. The one I would like to focus on is relief from the standing order that requires counsel to file a notice of appearance in Texas in order to have access to the sealed materials. What that effectively does is require my client to tip off their potential adversary in future litigation with respect to what lawyers they are considering. And that issue is still very much alive notwithstanding what's happened in California. If you're saying that most of the material, I think it's kind of weird for you to be making this argument when you're also at the same time saying that there isn't anything confidential left in the documents. Is that what you're saying? No, Your Honor. It is true that for the first two issues, the omnibus order, that that material has been unsealed effectively in California. Is that the order itself has been unsealed? No, just the information that's underlying it and the parties have agreed to submit a non-public version. But there are many other pleadings and filings still in Texas that are still under seal that contain additional information that a lawyer who's evaluating a potential claim might want to look at, other than just the court's orders, which are the ones that have been effectively unsealed. Did you agree to this provision? I mean, how did this provision come about? It's a standard provision in Texas, which I think makes sense in the mind run of patent cases. But did you agree to it? I believe... At the beginning, and a lot of times there's agreement between the parties about what's going to be confidential, how that is going to work. Did your client agree to it? I think it's just the default order. So in that sense, I think we did not object to it, but I'm not sure we affirmatively agreed to it. Of course, at that point, we didn't know about the bounty. And so we didn't know that this would become an issue. With the court's permission, I'd like to reserve the balance for a minute. Okay, we'll restore you back to your three minutes. Thank you, Your Honor. Thank you, Your Honor. Counselor Needle, did I get your name right? Liddell, yes. Liddell. It doesn't sound at all like it's spelled. No, no, it doesn't. Good morning, and may it please the court. Brian Liddell on behalf of the appellee, future lay. I want to start a little bit where the court was questioning my friend regarding the question of prevailing party status. I think there's a bit of a misconstrual of the case law in Realtek's argument that I do want to address. The suggestion has been made that a dismissal or even, in this case, a potential dismissal without prejudice on personal jurisdiction grounds somehow creates a prevailing party. There's no case that has ever said that and no case is cited that suggests that a personal jurisdiction decision somehow conveys prevailing party status. That's partly because it does not in any way rebuff a plaintiff's claims. At most, it means they need to be brought in a different jurisdiction. The two cases that were cited, BE and Regnier, are kind of unique edge cases with somewhat unusual facts. In BE, there was a mootness dismissal, but the mootness dismissal was because the patented issue had been invalidated in an IPR. Therefore, the case could not be brought again because the patent was already, the claims were already held invalid. In Regnier, there was a dismissal on standing grounds, but it was an unfixable standing problem and the court found that because of that, the dismissal should be with prejudice and therefore, the plaintiff could never bring the suit again. That's not what we're dealing with here. You say that there are no cases that support your opposing counsel's position. Are there any cases that support yours? I think many cases, CRST, I think that the, the Well, when I say yours, what I really mean is a precise situation where there is a dismissal on personal jurisdiction which is deemed to not create a prevailing party for purposes of fees and costs. I'm not aware of a, at least not in this court. I can't say with certainty that there's been no such case anywhere in the country. It would be helpful if there were somewhere a case that gave us some guidance on this. I think CRST and other cases speak to changing the legal relationship of the parties, which doesn't happen with a personal jurisdiction dismissal because it's essentially a finding that the case just has to be brought somewhere else, that it shouldn't be in this court, that the court has no jurisdiction to adjudicate any issues in it. Under those circumstances, the party's legal relationship has not changed as required in CRST. It's just you have to litigate that issue somewhere, some other court. What about the other argument? The other argument is that when there was a change from a dismissal without prejudice to a dismissal with prejudice, that would mean then that there could not be future litigation brought under this patent. Therefore, that was a change in the party's relationship. I don't know if you're familiar with the Highway Equipment Reveco case, but that's a case from 2006 where there was a voluntary dismissal. The court held that that dismissal was with prejudice. Then under our case law, we held that the defendant was a prevailing party. Are you familiar with that case? I am. In Highway Equipment, it was a little different kind of dismissal. That was much like a SuperSAC dismissal, a dismissal with a covenant not to sue. In a sense, the plaintiff agreed in that particular instance to dismiss the case, that it couldn't be brought again, and the court approved that dismissal and put its legal imprimatur on it. Why shouldn't there be a rule that when there's a dismissal with prejudice, there's a change in the legal relationship between the parties? What is your reason for why this case is different? I realize there's a sanction. The sanction says it's going to be a dismissal with prejudice. I think two things. First, this is a fairly unique circumstance in this case that doesn't have an analog in the other case law. I think ordinarily, the court's precedence would suggest that a dismissal with prejudice does confer prevailing party status on the dismissed party. In this case, it's a little bit unique because the district court acknowledged that by the time it was dismissing with prejudice, there was a license in place that essentially had already changed the legal relationship of the parties by licensing the supplier of Realtek to the patent in suit such that the case couldn't be brought again as a result of the license. That's like a covenant not to sue. It is, but it's different. The covenant not to sue in highway equipment was a voluntary way to end a case. A license is a voluntary way to end a case. But in a license, the plaintiff recovers money. They get paid for that license. Did the plaintiff not get money from the license in this case? I realize- Yes, the plaintiff in this case got money from the license. And that license- That was the supplier of the item to Realtek, right? Yes. Technically, I think it's the supplier of the design, but yes. In this case, FutureLink licensed this supplier. It ultimately then dismissed the case without prejudice because at that time, basically, no answer had been filed under Rule 41, dismissal without prejudice was available as a matter of right and effective immediately upon filing of such a dismissal. And that was basically because Realtek seemed insistent on continuing to litigate ancillary matters in the district court that were not necessary and counterproductive, frankly, and FutureLink didn't want to continue to take time on- I'm just trying to understand policy-wise or just legally, why should this case be different? It seems to me to be quite analogous to highway equipment where there was a dismissal for the covenant not to sue. I think the answer to your question is, while that might ordinarily be true, it's not a requirement that every dismissal with prejudice must be found to confer prevailing party status. Can you identify any case where it wasn't in the Federal Circuit? Well, I think the cases I would point to are more in the nature, and we cited some in our brief, that prevailing party status is still a matter just as the awarding of costs, and that's really largely the only thing that's at issue here if we're talking about prevailing party is the cost award. Well, cost and fees. Well, but the district court rejected fees on the merits, putting aside whether- The district court did not say, did not address whether this was an extraordinary case, right? It's true. The district court did not reach that issue under 285. It did under Rule 11, under 1927, under its- But those are different standards. I agree. They are somewhat different standards, but the court identified numerous factors that indicated it had no belief that there was anything exceptional- I agree that we need to vacate and remand on that issue if we do determine that the court erred in finding that Realtek was not the prevailing party. I mean, we can't decide that issue in the first instance, but it's really hard for you to sit here and say that the district court actually decided that issue. It's a different question. I think, though, I will say that that issue was specifically presented to the district court after- so it issued its omnibus order that's at Appendix 11 to 19. Realtek moved for reconsideration on this specific issue, saying you made it with prejudice. That changes things. You have to reconsider. And the district court considered that and rejected it as not correct. Right. But he was rejecting the prevailing party argument, which allowed him not to have to address the 285 issue and decided it was either an exceptional case or fees wouldn't have been warranted even if it were an exceptional case. He didn't have to decide that. So we don't have anything on the record that tells us what he would have done had he said, oops, there is a prevailing party. I think that's fair that the district court did not say this is what I would have done if the facts were different in that hypothetical. I agree with that. I think, however, that, as I said, this is a case where the district court recognized that to the extent there was an added fact of a dismissal with prejudice, it was coming only after the license agreement had been concluded and only in a circumstance where the court itself said it wouldn't make a difference because of that license, that Realtek had or FutureLink had voluntarily dismissed other parties with prejudice, granted pursuant to agreement, but that, as a practical matter, the suit wouldn't be brought again because by that license had been fully consummated and there was nothing left that could resume. And so at that point, I would argue the district court's order was essentially one of, I don't want to say nominal, but it was sending a message rather than effectively changing the status of the parties. And I think that's why the district court still concluded that entering that after all these other proceedings as a sort of sanction was something that would have no significant or meaningful legal effect, but was a notice to my client that the district court didn't approve of their underlying license agreement. Are you conceding prevailing party status? I'm not, no. I don't believe that Realtek is the prevailing party under any of the applicable precedent. And as I said, I think to the extent there's an argument that, well, I think in a normal case, in most instances, a dismissal with prejudice does confer prevailing party status, that under the unique facts of this case, that is not true. Now, that's what troubles me here is from a jurisprudential point of view. We either have a very simple rule, which is if there's a dismissal with prejudice, that establishes the prevailing party status for the party that obtained such a dismissal. If not with prejudice, different story. What you're inviting us to do is to get into a case by case determination as to what the effect of a dismissal with prejudice may be, where, as you say, normally it will be to create a prevailing party, but maybe in some exceptional cases, exceptional circumstances, it doesn't. And that just seems like it will create a whole new section of right mill and more work for district courts, which already have a lot of work in trying to figure these things out. I appreciate the comments, Your Honor. I think, though, what I'm suggesting is a little different, because I'm not suggesting that this court necessarily has to micromanage this aspect of district courts, that district courts do have some discretion to determine that there may be unique facts in a particular case which do not warrant conferring prevailing party status, notwithstanding the technical fact of a dismissal with prejudice. There is typically some discretion given. There's lots of discretion given on the exceptional case determination. Sure. But what cases do you have to say there's discretion given to the district court with respect to somebody being a prevailing party or not? When there's, like in our case, we do have our, it seems like there's a good number of cases that say when there's a change in legal relationship such that a case is dismissed with prejudice, the defendant is a prevailing party. Why isn't that a question of law? Why is that something that we should give deference to? And also, relatively, it feels like you're saying because the district court judge in this case did not intend to have any legal consequence to the sanctions you provided, we should not be reading one into it. What case law do you have to support the idea that we're supposed to look at the district court judge's underlying intent when it, for example, changes the party's, changes something from prejudice to without prejudice to with prejudice? So I think, I don't know that I have a specific case in mind. I think that as a general matter, the awarding of these kinds of sanctions, and I would note that in the Fifth Circuit, for example, we cited cases in our brief where the court has discretion, even if a party is a prevailing party, to determine no costs should be awarded. Oh, sure. That's commonplace. Right. And similarly, obviously, I think we can all agree that a district court could determine that a party is a prevailing party, but that under its discretion there was no sanction appropriate for whatever reason, under 285 or any other standard. And so I think that the point is that this notion of prevailing party isn't sort of a, it isn't obliged to be a sort of black line question, just as we've seen in BE. Usually that's the second part, like the question of whether a party's a prevailing party is a legal question. Then there's some discretionary component that it's reviewed for an abuse of discretion. And what you've decided, what you've cited to us, is the discretionary component of the analysis, not the prevailing party component of the analysis. I think I understand your point, but I think that, I don't think it's right to say that there's, that it's a pure question of law, because obviously prevailing, and this court's, we talked about BE and Regnier, these are cases where the court had to grapple a little bit with what's the factual predicate, what's the actual circumstance. So for example, in BE, it was a dismissal without prejudice, technically, but the court said, well, but it's enough to confer prevailing party status. I think the opposite can also be true, that there can be circumstances with unique facts where a dismissal can be with prejudice, but not enough operative facts to confer prevailing party status because of the unique circumstances of the case. I think the district court here was within its discretion to determine that this was such a case, and it clearly articulated why it didn't think there was prevailing party status here, and why it didn't think that the legal relationship had been altered. And so I think that under those circumstances, it's within the district court's discretion to make that determination, and I don't think it's appropriate to essentially micromanage that level of determination. Do you have any questions? Okay, we have your order. Thank you. Thank you, Your Honor. Mr. Murray, we have restored you back to three minutes. Thank you very much, Your Honor. I would like to just make two points on Roboto. Both involve the Regnier case, which I think is the closest case that we've cited in the briefs to the situation here. The first relevance to that case is that it announces that the standard is whether we've rebuffed the plaintiff's challenge. And I want to answer more directly Judge Brena's question from the opening argument. How did Realtek itself rebuff the plaintiff's challenge here in two particular ways? First, by filing a jurisdictional motion to dismiss that persuaded the district court. Second, by filing the sanctions motion that enabled the district court, once it learned about the bounty, to convert the dismissal without prejudice, that was the voluntary dismissal, into a dismissal with prejudice. And so both of those actions by Realtek were the actions that Realtek took to rebuff the plaintiff's challenge. The second part of Regnier that I think... Have you found a case or any type of authority that has similar circumstances? The closest I think is the Regnier case on the facts. So in that case, there was a standing issue with respect to the plaintiff. And the judge dismissed with prejudice, not just because of the standing issue, but also as a sanction for what he called contumacious conduct in that particular case. And so it's actually very similar here because we have the same kind of situation where we have the jurisdictional issue and then also the sanction for the bounty. And then in the Regnier case, it was a dismissal with prejudice. And so it parallels what happened here relatively closely in terms of both there being a sanction and there being a jurisdictional issue in that case, standing with respect to the plaintiff. I would just conclude by saying this isn't a very unique case. As Your Honor alluded, the parties have searched high and low for another example of a bounty agreement like this, where one competitor hired another entity to sue some of its competitors. And the parties have not found a case. It's a case that now is proceeding in the new interest of California, the antitrust action, supported by the US Department of Justice, which filed a statement of interest about eight months ago in support of that theory. And so this case, in many respects, is exceptional almost by definition, as the judge indicated when he sanctioned the plaintiff with respect to what he called an improper contract. What if Judge Albright had said when he imposed the sanction, said, I'm imposing this sanction because I think it's appropriate just essentially to send a signal. But be mindful that I do not regard this as converting you into a prevailing party. What outcome? So he does dismiss with prejudice, but he says, but you are not a prevailing party because of the circumstances in which I'm imposing this order. That would contravene the Rainier case, because there, there was also a dismissal of prejudice. And this court held that the party that was the... Did the court say at the time that the court dismissed with prejudice that this is not converting you into a prevailing party? Yes. But the prevailing party question is a question of law. It's the Supreme Court has established precedence on what that term means. And the district court, when he issues a essentially civil procedure order saying that he's dismissing with prejudice, is invoking that entire body of law, some of which is captured in Wright and Miller, but some of which is captured in this court's precedence and the Supreme Court precedence. So the district court is not allowed to say, I'm going to do X, but I'm going to ignore the legal implications of doing that thing. That would be a violation. One of the legal implications. One of the legal implications. The other legal implication would be you can't bring a number suit. Yes. Yes, Your Honor. Okay. I see that my time has expired. Yes. Thank you very much.